**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**UNITED STATES OF AMERICA**,

v.

**JOSHUA STEVEN KRUMWIEDE**,

Defendant.

Case No. 3:18-cr-00274-IM

**OPINION AND ORDER**

Kemp L. Strickland & Sarah Barr, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the United States.

Benjamin T. Andersen, 101 SW Madison St., Portland, OR 97207. Attorney for Defendant.

**IMMERGUT, District Judge.**

This action comes before the Court on Defendant Krumwiede's Motion to Compel Discovery. ECF 105. Defendant seeks the production of the "informant file" and "any related documentation regarding the informant's cooperation with officers of the Salem Police Department ('SPD') or any communications between the informant and anyone within the SPD, and any record of consideration given to the informant, either in monetary or other payment or related to any pending charges." ECF 106 at 1. Defendant requests the materials because they "would help to challenge the overall investigation performed by the SPD in this case and support

the fact that investigators should have treated [the Informant] as a suspect at the outset, and doubly so after they found the locked backpack." ECF 106 at 4. Defendant clarified at the hearing held on this Motion on October 30, 2020, that he seeks information showing the relationship between the Informant and the Salem Police Department as to unrelated investigations undertaken before the Informant's tip concerning Defendant. Defendant is not seeking the identity of the confidential informant because Defendant believes he knows the identity of the Informant. ECF 106 at 4-5.

The facts of this case are set forth in this Court's Opinion and Order denying Defendant's Motion to Dismiss. ECF 113. As explained below, Defendant's Motion to Compel Discovery is DENIED. This Court, however, has ordered the Government to review any and all documents, communications, and other materials in the possession of the Salem Police Department related to the Informant's involvement in this case to determine whether any such information is required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). Further, by November 13, 2020, the Government is required to notify defense counsel to confirm that such a review was performed and to turn over any appropriate documents or seek *in camera* review of any documents by this Court.

## LEGAL STANDARDS

"As a general rule, the prosecution in a criminal case has the privilege to withhold the identity of persons who have furnished law enforcement officials with information concerning violations of law." Michelle Migdal Gee, *Criminal Law: Need for Disclosure of Identity of Informant*, 33 Am. Jur. Proof of Facts 2d 549 (Originally published in 1983). In each case, the court must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States*, 353 U.S. 53, 62 (1957). In the Ninth Circuit, "[t]o obtain disclosure, a defendant must show a need for the information, and

in doing so, must show more than a mere suspicion that the informant has information which will prove relevant and helpful to his defense, or that will be essential to a fair trial." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000), *as amended* (Mar. 5, 2001) (internal citations and quotation marks omitted). "Balancing the defendant's and the government's interests, a district court must hold an in camera hearing whenever the defendant makes a 'minimal threshold showing' that disclosure would be relevant to at least one defense." *Id*. (citing *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993); *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989)). Defendant must "argu[e] the potential discovery of specific facts that may be relevant to the case and helpful to the defense identified." *United States v. Avendano-Soto*, No. 2:20-cr-00003-APG-EJY, 2020 WL 5898776, at *4 (D. Nev. Oct. 2, 2020).

**DISCUSSION**

Defendant asserts that this Motion falls outside the scope of *Roviaro* because the "identity of this informant is known and is in the public record already from proceedings in a related case." ECF 106 at 5. Although the Government disputes that the identity of the Informant has been disclosed, ECF 111 at 7 & n.1, at the hearing on this Motion, the parties both seemed to acknowledge that Defendant knows the Informant's identity.

Nevertheless, Defendant seeks not the Informant's identity, but rather information on the Informant's prior interactions with the Salem Police in other investigations, including "cooperation with officers," "communications," and "any record of consideration." ECF 106 at 1. Defendant argues that in this case, "investigators should have treated [the Informant] as a suspect at the outset" based on prior interactions. *Id*. at 4.

The Government maintains its interest in protecting the information sought because the Informant's identity has not yet "been disclosed to those who would have cause to resent the communication" between the Government and the Informant in other investigations. *Roviaro*,

353 U.S. at 60. In *United States v. Long*, 533 F.2d 505 (9th Cir. 1976), the Ninth Circuit explained that "the informer privilege [can] continue[] to serve its intended purpose despite the transmittal of the informant's name to [a defendant's] counsel" where "[p]ersons other than the particular defendant may have cause to resent the informant's conduct." 533 F.2d at 508. *See also United States v. Conner*, No. 15-cr-00296-HSG-1, 2015 WL 8482205, at *4 (N.D. Cal. Dec. 10, 2015) (applying *Long* where "there is no evidence in the record suggesting that all persons who would have cause to resent the Informant's cooperation with the government are aware of his role as a confidential informant") (internal quotation marks omitted). The Government maintains its interest in protecting against disclosure of the Informant's involvement in other past investigations, even if the Informant is known to be an informant in this case.[1] Defendant's motion is directed to the Informant's work in other investigations, and people implicated in those investigations "would have cause to resent" that conduct. *Roviaro*, 533 U.S. at 60. *See also United States v. Cutler*, 806 F.2d 933, 935 (9th Cir. 1986) ("Assuming *arguendo* that *Roviaro* applies to disclosing information about an informant's prior service, the court did not err in denying Cutler's request."); *United States v. Abonce-Barrera*, 257 F.3d 959, 970 (9th Cir. 2001) (citing *Cutler* and finding no *Brady* violation); *United States v. Sharp*, 778 F.2d 1182, 1186 (6th Cir. 1985) (explaining that the "interests protected by the privilege, however, often extend beyond identification of the informer" and holding that the privilege applies to disclosure of "the precise relationship, if any, between" the government and an individual suspected of being an informant); *United States v. Paoli*, 603 F.2d 1029, 1037 (2d Cir. 1979) (upholding district court's

[1] Notably, in *Long*, the trial court denied a criminal defendant the ability to call the disclosed informant as a witness, and this decision was upheld on appeal under *Roviaro*. *Long*, 533 F.2d at 507. In this case, the Government is not seeking to prevent Defendant from calling the Informant to the stand. At the hearing on this Motion, the Government reiterated that it was not planning to call the Informant to testify, but Defendant is free to do so.

decision not to require government disclosure of the "precise relationship" between the government and a non-testifying witness suspected of being an informant "in the hope that such information might help an entrapment defense" where "[c]ounsel never introduced any evidence tending to support" that defense); *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir. 1985) (explaining, in the context of an informant's "address or location," that the "government's privilege does not give way simply because the defendant knows the informant's name or identity" and "[d]efendant must still show that disclosure will significantly aid his defense"); *United States v. Ridley*, 814 F. Supp. 992, 995-98 (D. Kan.), on reconsideration, 831 F. Supp. 808 (D. Kan. 1993).

Accordingly, applying *Roviaro*, this Court finds that Defendant has not made the "minimal threshold showing that disclosure would be relevant to at least one defense" required to obtain an *in camera* hearing. *Henderson*, 241 F.3d at 645 (internal citations and quotation marks omitted). Defendant's counsel clarified at the hearing that his defense is that the investigation was flawed, in substantial part because Officer Garland had a prior relationship with the Informant and, based on this relationship, should have known that the Informant's tip was untrustworthy. However, disclosure of the Informant's prior interactions with the Salem Police "would not [ ] explain[ ] away the most convincing evidence of [Defendant's] guilt." *Id.* at 646. Defendant's fingerprint was found on packaging containing methamphetamines discovered inside the locked backpack. *See* 85-1 (first fingerprint forensic report). Defendant had physical control of the backpack in a car he was about to drive away when Salem Police apprehended him. ECF 81-1 at 66 (describing Defendant's movements "towards the area of the ignition" causing Officer Sean Bennett to "believe[] he was starting the car"). Police independently observed these facts, without the Informant's involvement. *Id*. at 64-66. Later in the

investigation, authorities discovered in a cell phone seized from Defendant photographs of this vehicle and an associated insurance identification card dated two days before the arrest, further establishing Defendant's possessory interest in this vehicle. *See* ECF 85 at 6-7; ECF 85-2 (photograph of car); ECF 85-3 (photograph of insurance card). Any untrustworthiness of the tip in the first place would not "explain[ ] away" this evidence. *Henderson*, 241 F.3d at 646.

The Court finds that Defendant has not met his burden to require an *in camera* hearing on the discovery requested: evidence of past interactions between the Informant and the Salem Police in other investigations. The Court asked the Government at the hearing if it has reviewed whether officers maintained a file containing information in connection with the Informant's assistance in this case. The Court also reminded the Government of its ongoing obligation under *Brady v. Maryland* to provide material, exculpatory evidence to Defendant, which might include information about the Informant's involvement in this case. The Court orders the Government to contact the Salem Police Department and determine whether it has any information related to the Informant's involvement in this case and to disclose any information that is material and exculpatory under *Brady v. Maryland*. The Government must notify Defendant's counsel by November 13, 2020, that such a review has been accomplished and turn over any appropriate information.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Compel Discovery, ECF 105, is DENIED.

**IT IS SO ORDERED**.

DATED this 3rd day of November, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge