IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:18-cr-00274-IM |
| v. | **OPINION AND ORDER** |
| **JOSHUA STEVEN KRUMWIEDE**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

This Court held a pretrial conference on April 29, 2021, at which the Court made numerous rulings on the record and ordered a continuation of the pretrial hearing on Monday, May 3, 2021, to address outstanding issues. This opinion provides more detail of this Court's reasoning for some of the evidentiary rulings made on the record.

**A. Defendant's motion *in limine* regarding Defendant's prior convictions**

Defendant moved *in limine* to exclude admission of his prior felony convictions for any purpose. ECF 141. For purposes of this motion, ECF 141, this Court considers only the impeachment purpose and Federal Rule of Evidence 609.

The Government stated that it intends to offer the following felony convictions for impeachment purposes if Defendant testifies: (1) felon in possession of a firearm (convicted on November 16, 2012, in the United States District Court for the District of Oregon; 96 months imprisonment); (2) felon in possession of a firearm (convicted on May 3, 2006, in the Circuit Court for the State of Oregon for the County of Tillamook; 21 months imprisonment); (3) attempt to elude police-vehicle (convicted on June 29, 2005 in the Circuit Court for the State of Oregon for the County of Columbia; 30 months imprisonment); and (4) hit-and-run-vehicle-injury (convicted on June 25, 2003 in the Circuit Court for the State of Oregon for the County of Tillamook; 18 months imprisonment). ECF 134 at 10-11 (Government's Trial Memorandum).

This Court reserves ruling until "hearing the defendant's actual, in-court testimony" because "an advance ruling requires speculation by the district court concerning what the defendant will say while on the stand." *United States v. Browne*, 829 F.2d 760, 762 (9th Cir. 1987). This permits Defendant to "consider the possibility that his prior conviction would be used to impeach him should he decide to testify and to plan his testimony accordingly." *Id*.

If and when Defendant testifies, this Court will apply the five *Cook* factors governing admissibility for impeachment purposes. Those factors are: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the prior offense and the offense charged; (4) the importance of the defendant's testimony; and (5) the centrality of the issue of defendant's credibility. *See United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000)) (referring to the "five *Cook* factors"); *see also United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc). The government bears the burden of establishing that any probative value outweighs its prejudicial effect. *United States v. Hendershot*, 614 F.2d 648, 653 (9th Cir. 1980).

Additionally, under Rule 609(b), a conviction more than ten years old is admissible for impeachment "only if" (1) "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," and (2) "the proponent gives an adverse party reasonable written notice . . . ." Fed. R. Evid. 609(b); *see also Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008). The Government acknowledges that the 2003, 2005, and 2006 convictions are covered by this more stringent provision. ECF 147 at 2. The Government's briefing did not explain how that "higher standard" is satisfied here, which the Government will be required to do in order for the Court to consider any of these three convictions for impeachment.

## B. Defendant's motion *in limine* regarding informant information

Defendant moves *in limine* to admit evidence of third party culpability under Rule 404(b). ECF 150. "Fundamental standards of relevancy, subject to the discretion of the court to exclude cumulative evidence and to insure orderly presentation of a case, require the admission of testimony which tends to prove that a person other than the defendant committed the crime that is charged." *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980). "In other words, *Armstrong* dictates that all evidence of third-party culpability that is relevant is admissible, unless barred by another evidentiary rule." *United States v. Espinoza*, 880 F.3d 506, 511 (9th Cir. 2018). With respect to Rule 404(b), while the Ninth Circuit does not permit "classic propensity evidence," its Rule 404(b) analysis is more generous when the similar acts evidence is offered by the defendant, rather than the government. *United States v. Wright*, 625 F.3d 583, 608 (9th Cir. 2010); *see also United States v. Aboumoussallem*, 726 F.2d 906, 911-12 (2d Cir. 1984) (explaining policy reasons of Rule 404(b)); *Espinoza*, 880 F.3d at 514-516 (explaining that its third party culpability analysis "is not transferable" to a situation where government seeks to introduce evidence respecting defendant).

PAGE 3 – OPINION AND ORDER

Applying those standards here, this Court finds that the following evidence is admissible to prove the third party's intent, ability, motive, and/or opportunity to possess and distribute methamphetamine with intent to deliver, and to possess firearms: (1) the third party/informant's 2018 convictions involving drugs and/or guns, (2) testimony concerning that person's activities two weeks prior to the charged conduct, and (3) a photograph of that person (subject to a protective order preventing publishing to the jury). ECF 150 at 4-6. Defendant may show the photograph of the informant to Officer Garland and a defense witness to establish that the person in the photograph provided the tip about Defendant Krumwiede, and to establish the witness has seen that same person carrying a backpack like the one found in the Mitsubishi car that Defendant Krumwiede entered on February 4, 2018. This evidence is relevant and supports Defendant's theory that the Government "got the wrong guy" by making it at least somewhat less likely that Defendant had the knowledge and/or intent required to commit the charged acts.

However, this Court finds "evidence of multiple firearms found at the individual's home" in 2017, ECF 150 at 5, inadmissible under Rule 403. Defendant proposes to have two of the Government's witnesses testify as to this search. *Id*. However, a detailed discussion of a search in 2017 of the third party's home risks creating a trial within the trial. Any probative value of this evidence is substantially outweighed by a danger of confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence. Based on the rulings above, Defendant has sufficient third party culpability evidence that is more direct, more relevant, and less confusing with which to present his defense.

**C. Admission of Defendant's prior acts under Rule 404(b)**

The Government explained in its briefing and at the pre-trial conference its intention to introduce evidence of Defendant's prior felon in possession of a firearm convictions under Rule

404(b) if Defendant introduces the third party's prior convictions under Rule 404(b). ECF 156 at 8; ECF 147 at 3. Applying the Rule 404(b) analysis applicable to Government proffers, this Court finds that the 2006 and 2012 convictions for felon in possession are admissible to show Defendant's knowledge, absence of mistake, intent, motive, and opportunity. ECF 156 at 8; ECF 147 at 3.

The Ninth Circuit employs a four-part test to determine the admissibility of evidence pursuant to Rule 404(b): "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quotation marks and citation omitted.). "The government has the burden of proving that the evidence meets all of the above requirements." *Id*. (citation and quotation marks omitted). Specifically, the government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Bailey*, 696 F.3d at 799 (quotation marks and citation omitted).

All four Rule 404(b) factors are satisfied with respect to the 2006 and 2012 convictions. At the first factor, evidence of the convictions, both of which are for felon in possession, tends to prove a material point: Defendant's knowledge of a present firearm. *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003) ("[T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one

time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental.)").

As to the second factor, both acts are not too remote in time. *See United States v. Vo*, 413 F.3d 1010, 1019 (9th Cir. 2005) (explaining remoteness "does not necessarily preclude admissibility" because the Ninth Circuit "has not identified a particular number of years after which past conduct becomes too remote"; if prior act evidence "is sufficiently similar to the charged conduct," it may "render it probative despite the passage of time"); *see also United States v. Estrada*, 453 F.3d 1208, 1213 (9th Cir. 2006) (collecting Ninth Circuit cases and noting that more than ten years passage is not "too remote"). At the third factor, evidence of conviction is sufficient proof that the defendant committed the prior act. *United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993); *Vo*, 413 F.3d at 1019. And lastly, at the fourth factor, the prior convictions for felon in possession are sufficiently similar to the charged conduct because they "would tend to make the existence of the defendant's knowledge [of a present firearm] more probable than it would be without the evidence." *Arambula-Ruiz*, 987 F.2d at 603 (internal quotation marks and citation omitted).

Applying Rule 403 balancing to the two felon in possession convictions, this Court finds that their probative value is not substantially outweighed by the danger of unfair prejudice or other Rule 403 concerns. *See United States v. Lozano*, 623 F.3d 1055, 1060 (9th Cir. 2010). The prior convictions are "clearly probative" of Defendant's knowledge of the presence of a firearm, and this Court will provide a cautionary instruction to limit any prejudice. *Lozano*, 623 F.3d at 1060. Additionally, the Court notes that the Government only seeks to introduce this evidence under Rule 404(b) if Defendant introduces the third party's prior convictions. ECF 156 at 8. Refuting a defendant's theory that blame should "fall" elsewhere is a legitimate reason to

introduce evidence pursuant to Rule 404(b). *See Vo*, 413 F.3d at 1018 & n.6 (upholding introduction of prior conviction as "evidence of his intent, knowledge, and absence of mistake" under Rule 404(b) where government sought "to refute [defendant's] claims that he was merely an innocent pawn in [another's] scheme").

**D. Defendant's motion to dismiss Count 3**

On April 6, 2021, Defendant moved for an order dismissing Count 3 of the indictment for failure to state an offense because it did not allege that he knew of his status as a felon, which is a required element under 18 USC § 922(g). ECF 136. *See Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019). The Government opposes the motion as moot because on April 13, 2021, a federal grand jury returned a superseding indictment that satisfies *Rehaif*. ECF 148. At the pretrial conference, counsel for both parties agreed that this motion is moot, and based on that agreement, this Court denies the motion as moot. Defendant was arraigned on the superseding indictment at the conference.

**E. Other Evidentiary Rulings**

In addition to the Court's rulings on the filed motions *in limine*, this Court made the following evidentiary rulings at the pre-trial hearing based on challenges raised orally by Defendant:

(1) The identity of the informant is not to be mentioned in court by anyone;

(2) Assuming proper foundation is established, Corporal Carney may provide testimony as both an expert witness and fact witness. The Government will make clear for each portion of testimony whether it is fact or expert testimony, and the Court will instruct the jury so as to mitigate the inherent concerns. *United States v. Torralba-Mendia*, 784 F.3d 652, 658-59 (9th Cir.

2015). However, the scope of Corporal Carney's testimony with be discussed at the continuation of the pretrial hearing on Monday, May, 3, 2021;

(3) If the Government can lay an adequate foundation, the Government may introduce evidence of personal observations by law enforcement officers that are close in time to February 4, 2018 that relate to Defendant's alleged involvement in drug trafficking;

(4) The Government may provide evidence of unexplained wealth, including the large amounts of cash found on Defendant and a diamond ring found in the glove compartment of the Mitsubishi on February 4, 2018. *See United States v. Franco*, 136 F.3d 622, 624, 630 (9th Cir. 1998) (upholding convictions for possession with intent to distribute and conspiracy to distribute where "[r]eferences to [defendant's] unexplained wealth were similarly relevant" "to his alleged drug activity") (citing *United States v. Miguel*, 952 F.2d 285, 289 (9th Cir. 1991)).

(5) Defendant may elicit testimony from law enforcement officials showing that the informant knows how the "system" works; that if he incriminates another person, he may receive benefits; and that the informant had previously sought to incriminate Defendant.

**IT IS SO ORDERED**.

DATED this 1st day of May, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge